### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARIBETH B. DETTMER,       ) | |
|           ) | |
|        **Plaintiff,**     ) | |
|           ) | |
| **v.**           ) | **Case No. 14-2602-CM** |
|           ) | |
| **CAROLYN W. COLVIN, ACTING**   ) | |
| **COMMISSIONER OF SOCIAL**    ) | |
| **SECURITY,**          ) | |
|           ) | |
|        **Defendant.**    ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff Maribeth B. Dettmer claims that she became disabled on October 16, 1982. She suffered a traumatic brain injury when she was three months old. As a result of this injury, plaintiff functions in the borderline intellectual functioning range with a cognitive disorder, attention deficit hyperactivity disorder ("ADHD"), depression, bipolar disorder, and anxiety disorder. In the past, plaintiff has worked jobs as a cashier, fast food worker, and prep cook. She filed this action pursuant to Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381 et seq., requesting supplemental security income benefits, and Title II of the Act, 42 U.S.C. §§ 401 et seq., for disability insurance benefits.

An Administrative Law Judge ("ALJ") found that plaintiff was not disabled in a decision dated July 22, 2013, which stands as the final decision of the Commissioner of Social Security. Plaintiff argues that the ALJ erred in several ways: (1) the ALJ failed to follow the law when he rejected the testimony of Jean Porter, plaintiff's caseworker; (2) the ALJ's residual functional capacity ("RFC") is unsupported by substantial evidence; and (3) the ALJ erroneously relied on the testimony of a

vocational expert ("VE") that conflicts with the Dictionary of Occupational Titles ("DOT").  After reviewing the record, the court makes the following rulings.

## I.   Legal Standard

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record?  (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).  "Substantial evidence" is a term of art.  It means "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).  When evaluating whether the standard has been met, the court is limited; it may neither reweigh the evidence nor replace the ALJ's judgment with its own.  *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)).  On the other hand, the court must examine the entire record—including any evidence that may detract from the decision of the ALJ.  *Jaramillo v. Massanari*, 21 F. App'x 792, 794 (10th Cir. 2001) (citing *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

Plaintiff bears the burden of proving disability.  *Hunter*, 321 F. App'x at 792.  A disability requires an impairment—physical or mental—that causes one to be unable to engage in any substantial gainful activity.  *Id.* (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)).  Impairment, as defined under 42 U.S.C. § 423(d)(1)(A), is a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The ALJ uses a five-step sequential process to evaluate disability claims.  *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citation omitted).  But the ALJ may stop once he makes a

disability determination; he does not need to continue through subsequent steps if he is able to find a claimant disabled or not disabled at an intermediate step.  *Id.*

The components of the five-step process are:

- **Step One**:  The plaintiff must demonstrate that she is not engaged in substantial gainful employment activity.  *Id.*  If the plaintiff meets this burden, then the ALJ moves to Step Two.

- **Step Two**:  The plaintiff must demonstrate that she has a "medically severe impairment or combination of impairments" that severely limits her ability to do work.  *Id.* (internal quotation omitted).

  - If the plaintiff's impairments have no more than a minimal effect on her ability to do work, then the ALJ can make a nondisability determination at this step.

  - If the plaintiff makes a sufficient showing that her impairments are more than minimal, then the ALJ moves to Step Three.

- **Step Three**:  The ALJ compares the impairment to the "listed impairments"—impairments that the Secretary of Health and Human Services recognizes as severe enough to preclude substantial gainful activity.  *Id.* at 751.

  - If the impairment(s) match one on the list, then the ALJ makes a disability finding.  *Id.*

  - If an impairment is not listed, the ALJ moves to Step Four of the evaluation.  *Id.*

- **Prior to Step Four**:  The ALJ must assess the plaintiff's RFC.  *Baker v. Barnhart*, 84 F. App'x 10, 13 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)).

- **Step Four**:  The plaintiff must show that she cannot perform her past work.  *Williams*, 844 F.2d at 751.  If plaintiff shows that she cannot, the ALJ moves to the last step.

- **Step Five**:  Here, the burden shifts to the ALJ.  The ALJ must show that the plaintiff can perform some work that exists in large numbers in the national economy.  *Id.*

## II.   <u>Analysis</u>

### A.   **The Administrative Decision**

The ALJ made the following determinations:

- **Step One**:  Plaintiff engaged in substantial gainful activity in 2002, 2003, and 2007, but there has otherwise been a continuous twelve-month period in which plaintiff did not engage in substantial gainful activity.

- **Step Two**:  Plaintiff has severe impairments of (1) ADHD; (2) depression; (3) borderline intellectual functioning; (4) bipolar disorder; (5) cognitive disorder; (6) anxiety disorder; and (7) a history of traumatic brain injury.

- **Step Three**:  Plaintiff's impairments (or combination of impairments) do not meet or medically equal a "listed impairment."

- **Prior to Step Four**:  Plaintiff has the RFC to perform the full range of medium work, with the following exceptions:

  - She should not have a job involving mathematics above a fourth grade level, but she can count money, read, and write; and

  - She can only perform unskilled, repetitive work, with no detailed instructions or tasks, or work that requires strict production quotas.

- **Step Four**:  Plaintiff cannot perform her past relevant work.

- **Step Five**:  There are jobs that exist in significant numbers in the national economy that plaintiff can perform, including dining room attendant, linen room attendant, upholstery cleaner, photocopy machine operator, garment bagger, and grinder-optical goods.

- **Conclusion**:  Plaintiff has not been disabled from October 16, 1982 through July 22, 2013.

**B.     Plaintiff's Claims**

As mentioned above, plaintiff alleges three overriding errors with the ALJ's decision.  The court examines each of these claims below.

*1.     Rejection of the Testimony of Jean Porter*

Plaintiff first argues that the ALJ erred as a matter of law when he summarily dismissed the testimony of Jean Porter, stating she was not an "acceptable medical source."  Ms. Porter has a Master's Degree in Special Education.  She began working with plaintiff when plaintiff was fourteen years old and continues to work with plaintiff on a volunteer basis.  She testified that plaintiff can work—at most—for four to five hours a day.

Although Ms. Porter is not an "acceptable medical source," she is an "other source" as defined in Social Security Regulation ("SSR") 06-3p.  *See* SSR 06-3p, 2006 WL 2329939, at *2 (Aug. 9, 2006).  This regulation requires an ALJ to weigh the opinions of "other sources" using the same factors as those used to weigh "acceptable medical sources."  It is not clear from the ALJ's decision that he recognized that he could and should consider the relevant factors to weigh Ms. Porter's opinion.  The full discussion of her testimony was as follows:

> The testimony of Jean Porter, the claimant's caseworker, is given no weight.  She is not an "acceptable medical source" as [she is] not a licensed physician or licensed psychologist (20 CFR 404.1513(a), 416.913(a)) but rather served as a job coach while the claimant was in high school through the age of 21.

(Doc. 3-4 at 27.)

This cursory rejection of Ms. Porter's testimony is insufficient for the court to adequately review the ALJ's reasoning.  *Cf. Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1164 (10th Cir. 2012) ("In the case of a nonacceptable medical source . . . the ALJ's decision is sufficient if it permits us to 'follow the adjudicator's reasoning.'" (quoting SSR 6-03p, 2006 WL 2329939, at *6)).  The court cannot tell whether the ALJ applied the correct standards or believed that he could only give weight to

"acceptable medical sources."  *See, e.g., Julian v. Colvin*, No. CIV-12-1275-D, 2014 WL 258763, at

*3–4 (W.D. Okla. Jan. 23, 2014) (declining to apply harmless error doctrine when the court could not

"determine whether the correct legal standards were applied").  The court cannot consider this error

harmless, and must reverse on this basis.

> ### 2.      *The ALJ's RFC Determination*

Second, plaintiff argues that the ALJ's RFC determination is not supported by substantial

evidence.  Plaintiff offers several reasons why the RFC is unsupported: (1) the ALJ failed to

incorporate his own findings into the RFC—specifically, his findings that plaintiff has at least mild

difficulties maintaining social functioning and moderate difficulties maintaining concentration,

persistence, or pace; (2) the ALJ did not reject Dr. Leona Graham's opinion that plaintiff needed a

low-stress, low-pressure, unskilled job, but he did not include these limitations into the RFC; (3)

although Dr. Graham was a treating source, the ALJ did not weigh Dr. Graham's opinion according to

the factors in 20 C.F.R. §§ 404.1527 and 416.927; (4) the ALJ gave Dr. Carol Adams's opinion great

weight although Dr. Adams did not review a substantial amount of evidence; (5) the ALJ failed to

consider the regulatory factors in evaluating Dr. Tulasi Kanukutla's opinion; (6) the ALJ failed to

address the full impact of the opinion of Dr. William Stiers, a neuropsychologist, or identify how he

weighed Dr. Stiers's opinion; and (7) the ALJ's opinion is not supported by substantial evidence

because he relied on the fact that plaintiff worked part-time to discredit her allegations of disability and

failed to consider third-party statements provided by plaintiff's employers and defendant's own

employee, L. Cobbins.

Although the court is already remanding the case for full consideration of Ms. Porter's

testimony, the court will address each of these issues briefly to give the ALJ additional guidance on

remand.

a.    ALJ's Findings—Not Included in RFC

Plaintiff claims that the ALJ made a finding that plaintiff has at least mild difficulties maintaining social functioning.  But plaintiff fails to cite where in the record the ALJ made that finding.  Defendant did not respond to this argument, and plaintiff therefore argues in her reply brief that the court must reverse on this issue.

The court has reviewed the record at length but has been unable to verify plaintiff's representation.  At a minimum, it is unclear whether the ALJ found that plaintiff had any difficulties with social functioning.  The ALJ gave the opinions of Dr. Adams and Dr. Melissa Chiasson "great" weight.  Dr. Adams stated both that plaintiff has no social interaction limitations, (doc. 3-4 at 24), and that plaintiff had mild difficulties in maintaining social functioning, (*id.* at 22).  Dr. Chiasson stated that plaintiff is "likely able to get along with co-workers, supervisors, and others on a general basis but may have difficulties if she does not understand instructions or is frustrated."  (*Id.* at 27.)  Given these unclear statements and the ALJ's weighing of both doctor's opinions, plaintiff has not met her burden of showing that the ALJ found plaintiff has at least mild difficulties in social functioning—thereby requiring a limitation on social functioning in the RFC.

Nevertheless, because the court is remanding the case on other issues, the ALJ should clearly indicate on remand whether he finds any social functioning limitations.  If so, those limitations should be incorporated in the RFC.

Plaintiff also claims that the RFC does not adequately reflect the ALJ's findings that plaintiff has moderate difficulties maintaining concentration, persistence, or pace.  The ALJ merely limited plaintiff to "unskilled, repetitive work."  The court agrees that the ALJ should have been more specific in his limitations.  *See*, *e.g., Weiderholt v. Barnhart*, 121 F. App'x 833, 839 (10th Cir. 2005) ("The relatively broad, unspecified nature of the description 'simple' and 'unskilled' does not adequately

incorporate the ALJ's additional, more specific findings regarding [the claimant's] mental impairments.  Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed.").  This error should be corrected on remand.

        b.    <u>Dr. Graham's Un-rejected Opinion—Not Included in RFC</u>

Plaintiff next argues that the ALJ accepted Dr. Graham's opinion that plaintiff required a low-stress, low-pressure job, but failed to incorporate that limitation in the RFC.  Defendant responds that this limitation was addressed by limiting plaintiff to unskilled, repetitive work with no strict production quotas.  But the ALJ's hypotheticals must relate a plaintiff's impairments "with precision."  *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." (quotation marks and citation omitted)).  The limitations the ALJ presented to the VE do not adequately reflect the fact that plaintiff needs a low-stress, low-pressure job.  The ALJ should correct this error on remand.

        c.    <u>Factors in Weighing Dr. Graham's Opinion</u>

The ALJ gave the opinion of Dr. Graham (plaintiff's treating physician) "some" weight.  But the ALJ did not address whether Dr. Graham's opinion was entitled to controlling weight or discuss the factors in 20 C.F.R. §§ 404.1527, 416.927, as required by *Watkins v. Barnhart*, 350 F.3d 1297, 1300–01 (10th Cir. 2003).  Instead, the ALJ merely stated:

> The opinion of Dr. Graham at Exhibit 19F finding the claimant could perform a low stress, low pressure unskilled job, is consistent with the record.  Although she also opined the claimant may require accommodations with regard to work hours, the undersigned finds that given the above discussed evidence, this condition would not be required if the claimant were employed in a simple job with repetitive tasks, unlike her current cashier job.  Thus, only some weight is given to Dr. Graham's opinion.

(Doc. 3-4 at 27.)  This explanation for giving little weight to a treating physician's opinion is insufficient.  On remand, the ALJ should further explain his reasoning in accord with *Watkins*.

        d.    <u>Dr. Adams's Opinion</u>

The ALJ gave "great" weight to the opinion of Dr. Adams, who was a non-examining, non-treating psychologist.  (*Id.* at 27.)  Dr. Adams is a state agency doctor, and made her determination on May 27, 2011—over two years before the ALJ issued his opinion.  Dr. Adams did not have the benefit of reviewing much of the record that has since been developed.  When evaluating the opinions of non-examining state agency doctors, the ALJ should consider the extent the opinions consider all of the relevant evidence and the degree to which the doctor provides supporting explanation.  20 C.F.R. § 416.927(c)(3).  The ALJ did not consider either of these factors in deciding to give great weight to the opinion of Dr. Adams.  The acceptance of Dr. Adams's opinion should be further analyzed and explained on remand.

        e.    <u>Dr. Kanukutla's Opinion</u>

Dr. Kanukutla stated that plaintiff "has ongoing issues with difficulty staying focused at her work [for] longer than 5 hours, trouble organizing and planning and difficulty maintaining her job . . . . She struggles to maintain her relationships as well. . . .  Her underlying mental illness could potentially worsen her daily function at times as well."  (Doc. 3-9 at 116.)  As with the opinion of Dr. Graham, the ALJ summarily dismissed the opinion of Dr. Kanukutla, stating that it was inconsistent with plaintiff's daily activities.  The ALJ did not comply with *Watkins* and weigh the regulatory factors in evaluating Dr. Kanukutla's opinion.  Again, this error should be corrected on remand.

f.      Dr. Stiers's Opinion

The ALJ briefly summarized portions of Dr. Stiers's opinion, but failed to assign the opinion

any weight.  This is contrary to well-established law that the ALJ must evaluate all medical opinions in

the record.  *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing 20 C.F.R.

§ 1527(d)).  Defendant acknowledges that the ALJ failed to assign a weight to Dr. Stiers's opinion, but

argues that the omission is harmless.  Defendant argues that the ALJ limited plaintiff to unskilled,

repetitive work that did not require detailed instructions and tasks or strict production quotas—thereby

accounting for Dr. Stiers's opinion that plaintiff has deficiencies in memory.  But memory deficiencies

is not all that Dr. Stiers opined about.  His opinion has many more components, and the ALJ did not

resolve the differences between those components and the RFC.  On remand, the ALJ should consider

and weigh Dr. Stiers's opinion.

g.      Plaintiff's Part-Time Work and Third-Party Statements

Finally, plaintiff argues that the ALJ should not have relied on the fact that plaintiff has worked

part-time to undermine plaintiff's allegations of disability.  Plaintiff also faults the ALJ for not

discussing third-party statements about her ability to work.

The ALJ's references to plaintiff's part-time work would not necessarily require remand,

independent of all of the other reasons for remand in this decision.  But while plaintiff's part-time work

may be considered, the ALJ should be careful in placing too much emphasis on it.  *See Degan v.*

*Barnhart*, 314 F. Supp. 2d 1077, 1087 (D. Kan. 2004); *see also Wells v. Colvin*, 727 F.3d 1061, 1070

(10th Cir. 2013) ("This job . . . was part-time . . . and does not necessarily demonstrate Ms. Wells'

ability to sustain the mental demands of full-time work.").

As for third-party statements, the ALJ erred by failing to discuss them.  Defendant is correct;

the ALJ need not reference the entire administrative record in his decision.  *See Wilson v. Astrue*, 602

F.3d 1136, 1148 (10th Cir. 2010).  But the ALJ must demonstrate that he considered third-party statements.  *Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006).  Here, the ALJ did not mention the third-party statements at all.  Although the ALJ indicated that he had considered the entire record, (Doc. 3-4 at 15, 18), these general declarations do not assure the court that the ALJ reviewed the third-party statements.  Remand is required on this issue, as well.

   **3.**      ***Testimony of the VE that Conflicts with the DOT***

   Plaintiff's third challenge relates to Step Five, where the Commissioner bears the burden.  Specifically, plaintiff argues that the VE incorrectly stated that four of the jobs plaintiff could perform did not involve detailed instructions or tasks.

   Because of the court's rulings regarding Ms. Porter and plaintiff's RFC, the court will not rule on plaintiff's Step Five arguments.  The ALJ's decision on remand may impact the testimony on jobs that plaintiff is able to perform, making any ruling here moot.

   **IT IS THEREFORE ORDERED** that the Commissioner's decision is reversed and remanded.  The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings in accordance with this Memorandum and Order.

   Dated this 13th day of January, 2016, at Kansas City, Kansas.

                              **s/ Carlos Murguia**
                              **CARLOS MURGUIA**
                              **United States District Judge**